UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP SANCHEZ,

        Petitioner,                       Case Number: 08-CV-10143

v.                                         HONORABLE AVERN COHN

THOMAS K. BELL,

        Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

### **I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Phillip Sanchez ("Petitioner") is a state inmate at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Petitioner filed a pro se petition for a writ of habeas corpus challenging his conviction for first-degree criminal sexual conduct. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are procedurally defaulted, not cognizable on habeas review, and/or without merit. For the reasons which follow, the petition will be denied.

### **II. Background**

On June 8, 2005, Petitioner pleaded guilty in Lenawee County Circuit Court to first-degree criminal sexual conduct. In exchange for the guilty plea, the prosecutor dismissed five counts of first-degree criminal sexual conduct, seven counts of second-degree criminal sexual conduct, two counts of child sexually abusive activity, one count of distributing child sexually abusive materials, and one count of possession of child sexually abusive material.

On July 28, 2005, Petitioner was sentenced to 225 months to 40 years' imprisonment.

On June 16, 2006, Petitioner filed a motion for resentencing. The trial court denied the motion. People v. Sanchez, No. 05-11562 (Lenawee County Cir. Ct. July 17, 2006).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I.  Mr. Sanchez was deprived of his Ams. V and XIV rights of due process and his Am. VI right to a fair trial when the sentencing guidelines were scored as to offense variable 4.
>
> II. Mr. Sanchez was deprived of his Ams. V and XIV rights of due process and his Am. VI right to the effective assistance of counsel when counsel failed to raise the foregoing issue.

The Michigan Court of Appeals denied leave to appeal. People v. Sanchez, No. 272345 (Mich. Ct. App. Nov. 28, 2006).

Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but the application was rejected because it was not timely filed. See Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, July 16, 2008.

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I.  The petitioner was deprived of his Fifth and Fourteenth Amendment rights of due process and his Sixth Amendment right to a fair trial when the sentencing guidelines were scored as to offense variable four does warrant a reversal of his sentence and remand to be resentenced on the basis of accurate information.
>
> II. The petitioner was deprived of his Fifth and Fourteenth Amendment rights of due process and his Sixth Amendment right to the effective assistance of counsel when counsel failed to raise the foregoing issue does warrant a reversal of his sentence and remand to be resentenced on the basis of accurate facts.

### III. Standard of Review

Title 28, § 2254(d) of the United States Code imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

3

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

Id. at 410-11.

## IV.  Analysis

### A.  Procedural Default

Respondent argues that Petitioner's claims are barred from habeas review because they are procedurally defaulted.

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."  Lambrix, 520 U.S. at 525.  In this case, the Court finds that the interests of

4

judicial economy are best served by addressing the merits of Petitioner's claims.

## B.  Scoring of Offense Variables

Petitioner argues that habeas relief is warranted because offense variables 4 and 11 were incorrectly scored.  He also argues that the state court improperly sentenced him based upon facts not found by a jury in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).

"[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  "[S]tate courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review."  See Adams v. Burt, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); see also Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (same); Thomas v. Foltz, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same).  Therefore, to the extent that Petitioner asserts alleged violations of state law in the scoring of offense variables 4 and 11, this claim is not cognizable on habeas corpus review.

Petitioner claims that the trial court violated Apprendi in sentencing him based upon facts not admitted by him or submitted to a jury. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.  Michigan has an indeterminate sentencing system for most crimes, including first-degree criminal sexual conduct.  The maximum term of imprisonment is set by law. People v. Drohan, 475 Mich. 140, 160-61 (2006).

5

In Blakely v. Washington, 543 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

Id. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." Apprendi, 530 U.S. at 490. In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crime. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because Blakely does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. See Tironi v. Birkett, 252 F. App'x 724, 724 (6th Cir. Oct. 26, 2007), cert. denied 128 S. Ct. 1898 (Apr. 14, 2008).

### C. Alleged Ineffective Assistance of Counsel

Petitioner next argues that habeas relief is warranted because he received ineffective assistance of trial counsel. He argues that counsel was ineffective in failing to

object to the scoring of offense variables 4 and 11.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court's review of counsel's performance must be "highly deferential." Id. at 689.

Under Michigan law, ten points are to be scored for offense variable 4 if "[s]erious psychological injury requiring professional treatment occurred to a victim." See Mich. Comp. Laws § 777.34(1)(a). "There is no requirement that the victim actually receive psychological treatment." People v. Apgar, 264 Mich. App. 321, 329, 690 N.W.2d 312 (2004). The Michigan Court of Appeals has upheld the scoring of ten points for offense variable 4 in a sexual assault case where the assault was videotaped and the trial court commented that, based on the images presented, the victim would surely suffer far-reaching psychological injury. People v. Lucas, 2009 WL 211896, *7 (Mich. Ct. App. Jan. 29, 2009). In this case, Petitioner videotaped the sexual assault of the ten-year-old victim. He admitted that, when the victim was ten-years-old he babysat her and, over a period of approximately one to one-and-a-half years, he sexually assaulted her numerous times.

The sentencing judge noted that the videotape showed Petitioner touching the genitals of the victim and inserting his finger into her vagina. Based upon the videotape evidence and the low threshold of proof under Michigan law for a showing of psychological injury, the Court finds that counsel was not ineffective in failing to object to the scoring of offense variable 4.

Moreover, in denying Petitioner's motion for resentencing, the trial court held that changing the scoring of offense variable 4 would not have changed the guidelines range. "Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." Spencer v. Booker, 254 F. App'x 520, 525 (6th Cir .2007) (citing Glover v. United States, 531 U.S. 198, 200 (2001)).  Petitioner has not shown that the state court's conclusion that the guidelines range was not impacted by the scoring of offense variable 4 was incorrect.  Therefore, even assuming offense variable 4 was incorrectly scored, Petitioner has not shown that he was prejudiced by the error.

Petitioner also argues that his attorney was ineffective in failing to object to the scoring of offense variable 11.  Mich. Comp. Laws § 777.41(1)(a) provides that 50 points are to be scored if "[t]wo or more criminal sexual penetrations occurred."  Petitioner argues that fifty points were scored for this offense variable based upon judicially ascertained facts in violation of Blakely and Apprendi.  The Sixth Circuit Court of Appeals and the Michigan Supreme Court have held that Blakely does not affect Michigan's indeterminate sentencing scheme.  See People v. Drohan, 475 Mich. 140, 164, 715 N.W.2d 778 (2006).  Therefore, counsel was not ineffective in failing to raise a meritless objection.

### V.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is DENIED and the matter is DISMISSED.

SO ORDERED.

                                     s/ Avern Cohn  
                                     AVERN COHN  
                                     UNITED STATES DISTRICT JUDGE

Dated: August 7, 2009

I hereby certify that a copy of the foregoing document was mailed to Phillip Sanchez, 538811, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 the attorneys of record on this date, August 7, 2009, by electronic and/or ordinary mail.

                                     s/ Julie Owens  
                                     Case Manager, (313) 234-5160